IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | No. 24-1998 |
| | ) | |
| vs. | ) | |
| | ) | |
| LAVANCE COOPER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

***Government's Unresisted Motion for a 30-Day Extension of Time
to File Any Petition for Rehearing En Banc***

Pursuant to Federal Rules of Appellate Procedure 26(b) and 27,

the government moves for a 30-day extension of time, to and including

March 21, 2025, to file any petition for rehearing en banc. The

government offers the following grounds in support of this motion:

1.      Defendant was charged with two counts of possession of a

firearm by a drug user under 18 U.S.C. § 922(g)(3). (R. Doc. 3.) He

moved to dismiss both counts, arguing that they violated the Second

Amendment and were unconstitutionally vague, both facially and as

applied to him. (R. Doc. 27.) On September 29, 2023, the district court

denied both of defendant's facial challenges. (R. Doc. 34.) On December

28, 2023, after a bench trial on stipulated facts, the district court found

1

defendant guilty on both counts. (R. Doc. 45.) It ruled that both counts were constitutional under the Second Amendment as applied to defendant and that both counts were not unconstitutionally vague as applied to him. (R. Doc. 45.)

2. Defendant appealed. On February 5, 2025, a panel of this Court held that 18 U.S.C. § 922(g)(3) sometimes can violate the Second Amendment, and it remanded for the district court to resolve defendant's as-applied challenge, stating in part:

> These two analogues also frame the relevant questions for resolving Cooper's as-applied challenge. Did using marijuana make Cooper act like someone who is "both mentally ill and dangerous"? [*United States v.*] *Veasley*, 98 F.4th [906,] 913 [(8th Cir. 2024)]. Did he "induce terror," *id.* at 918, or "pose a credible threat to the physical safety of others" with a firearm, [*United States v.*] *Rahimi*, 602 U.S. [680,] 700, 144 S. Ct. 1889 [(2024)]? Unless one of the answers is yes—or the government identifies a new analogue we missed, *but cf. United States v. Connelly*, 117 F.4th 269, 274-75 (5th Cir. 2024) (coming up with a similar list)— prosecuting him under § 922(g)(3) would be "[in]consistent with this Nation's historical tradition of firearm regulation." [*New York State Rifle and Pistol Association, Inc. v.*] *Bruen*, 597 U.S. [1,] 17 [(2022)], 142 S. Ct. 2111.

*United States v. Cooper*, --- F.4th ----, No. 24-1998, 2025 WL 397116, *3 (8th Cir. Feb. 5, 2025). It rejected the defendant's facial Second Amendment challenge and his vagueness challenges. *Id.* at *1 n.1.

2

3. The decision of whether to seek further review of this Court's panel decision is reserved to the Solicitor General. 28 C.F.R. § 0.20(b). Before making that decision, the Solicitor General will consult with the United States Attorney for the Northern District of Iowa, the Department of Justice's Criminal Division, and the Solicitor General's staff. A petition for rehearing en banc must be filed within 14 days after entry of judgment, making the government's petition due on February 19, 2025. Fed. R. App. P. 40(d)(1). The components involved need additional time to provide the Solicitor General with the considered advice that will assist the Solicitor General in making an informed decision.

4. The undersigned has contacted defense counsel, who has no objection to a 30-day extension of time for the government to file any petition for rehearing en banc.

5. In the event that the Solicitor General decides not to seek further review, the government will notify the Court immediately, and the mandate can issue as otherwise appropriate.

Accordingly, and for good cause shown, the government moves for a 30-day extension of time, to and including March 21, 2025, to file

3

any petition for rehearing en banc.

Respectfully submitted,

TIMOTHY T. DUAX
United States Attorney

By: */s/ Adam J. Vander Stoep*

ADAM J. VANDER STOEP
Assistant United States Attorney
111 Seventh Avenue SE, Box 1
Cedar Rapids, Iowa 52401
(319) 363-6333 / (319) 363-1990 (fax)
Adam.Vander.stoep@usdoj.gov

Appellate Case: 24-1998    Page: 4    Date Filed: 02/12/2025 Entry ID: 5485327

## CERTIFICATE OF FILING AND SERVICE

I certify that, on February 12, 2025, I electronically filed the foregoing document with the Clerk for the Eighth Circuit Court of Appeals by using the CM/ECF system, which will send notification of such filing to the parties or attorneys of record.

TIMOTHY T. DUAX
United States Attorney

By: */s/ RAL*

_____
Legal Assistant

_____

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

I certify that the foregoing document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A). The document uses a proportional-spaced typeface, fourteen-point Century Schoolbook font. Based on a count under Microsoft Word for Windows, the document contains 609 words, excluding the parts of the document exempted by Rule 32(f).

TIMOTHY T. DUAX
United States Attorney

By: */s/ Adam J. Vander Stoep*

_____
ADAM J. VANDER STOEP
Assistant United States Attorney

5