IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff-Appellee, | ) | No. 24-1998 |
| | ) | |
| vs. | ) | |
| | ) | |
| LAVANCE COOPER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

### *Government's Motion to Stay Mandate*

The government, pursuant to Federal Rules of Appellate Procedure 27 and 41, respectfully moves this Court to stay the mandate in this case pending the possible filing of a petition for a writ of certiorari in the United States Supreme Court and the final disposition by that Court, and for good cause in support of this motion states the following:

1. Defendant was charged with two counts of possession of a firearm by a drug user under 18 U.S.C. § 922(g)(3). (R. Doc. 3.) He moved to dismiss both counts, arguing that they violated the Second Amendment and were unconstitutionally vague, both facially and as applied to him. (R. Doc. 27.) On September 29, 2023, the district court denied both of defendant's facial challenges. (R. Doc. 34.) On December 28, 2023, after a bench trial on stipulated facts, the district court found

1

defendant guilty on both counts. (R. Doc. 45.) It ruled that both counts were constitutional under the Second Amendment as applied to defendant and that both counts were not unconstitutionally vague as applied to him. (R. Doc. 45.)

2. Defendant appealed. On February 5, 2025, a panel of this Court held that 18 U.S.C. § 922(g)(3) sometimes can violate the Second Amendment, and it remanded for the district court to resolve defendant's as-applied challenge, stating in part:

> These two analogues also frame the relevant questions for resolving Cooper's as-applied challenge. Did using marijuana make Cooper act like someone who is "both mentally ill and dangerous"? [*United States v.*] *Veasley*, 98 F.4th [906,] 913 [(8th Cir. 2024)]. Did he "induce terror," *id.* at 918, or "pose a credible threat to the physical safety of others" with a firearm, [*United States v.*] *Rahimi*, 602 U.S. [680,] 700, 144 S. Ct. 1889 [(2024)]? Unless one of the answers is yes—or the government identifies a new analogue we missed, *but cf. United States v. Connelly*, 117 F.4th 269, 274-75 (5th Cir. 2024) (coming up with a similar list)— prosecuting him under § 922(g)(3) would be "[in]consistent with this Nation's historical tradition of firearm regulation." [*New York State Rifle and Pistol Association, Inc. v.*] *Bruen*, 597 U.S. [1,] 17 [(2022)], 142 S. Ct. 2111.

*United States v. Cooper*, 127 F.4th 1092, 1096 (8th Cir. 2025). The panel rejected the defendant's facial Second Amendment challenge and his vagueness challenges. *Id.* at 1094 n.1.

2

3. The government received two extensions of time to file a petition for rehearing en banc: a 30-day extension to March 21, 2025, and a 14-day extension to April 4, 2025.

4. The decision of whether to seek further review of this Court's panel decision is reserved to the Solicitor General. 28 C.F.R. § 0.20. The government will not seek en banc review, but the Acting Solicitor General is currently determining whether to file a petition for a writ of certiorari, which is due on May 6, 2025.

5. Rule 41(d)(1) of the Federal Rules of Appellate Procedure provides:

> **Motion to Stay.** A party may move to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court. The motion must be served on all parties and must show that the petition would present a substantial question and that there is good cause for a stay.

This case presents a substantial question, and the government has demonstrated good cause for seeking this stay.

6. First, this Court held that 18 U.S.C. § 922(g)(3) sometimes can violate the Second Amendment on an as-applied basis, and it set forth a test based on two historical analogues. Under this test, "Unless one of the answers is yes—or the government identifies a new analogue

3

we missed," the statute is unconstitutional as applied to a defendant. 127 F.4th at 1096. Because the Solicitor General usually defends the constitutionality of congressional enactments, the likelihood that the Acting Solicitor General will seek Supreme Court review is significant. *See* 28 U.S.C. § 530D(a)(1)(B)(ii) (requiring that the Attorney General report to Congress whenever she refrains from appealing a judicial decision adversely affecting the constitutionality of a federal statute).

      7.    Second, in *United States v. Connelly*, 117 F.4th 269 (5th Cir. 2024), the Fifth Circuit held that the historical analogues this Court emphasized in this case—laws disarming the mentally ill and laws disarming dangerous persons—were not historical analogues supporting the constitutionality of § 922(g)(3). *Id.* at 275-279. Rather, it analyzed intoxication, which this Court rejected as a historical analogue in *United States v. Veasley*, 98 F.4th 906, 910-12 (8th Cir. 2024), and in this case, 127 F.4th at 1097. The *Connelly* court held that § 922(g)(3) violated the Second Amendment as applied to a marijuana user who was not under the influence when possessing a firearm. *Id.* at 279-282. The Fifth Circuit subsequently applied *Connelly* in *United States v. Daniels*, 124 F.4th 967 (5th Cir. 2025), in holding § 922(g)(3)

4

unconstitutional as applied to a marijuana user who was not under the influence when possessing a firearm.  *Id.* at 974-77.

8.   Accordingly, this case presents a substantial question of constitutional law on which the circuits are divided, with this Court applying one test and the Fifth Circuit applying a different test, and the government has demonstrated good cause for seeking this stay.

9.   The undersigned has contacted defense counsel, who objects to the proposed stay.

10.  In the event that the Court stays the mandate and the Acting Solicitor General determines before May 6, 2025, not to seek Supreme Court review, the government will promptly notify this Court.

For the reasons stated, the government seeks a stay of the mandate until May 6, 2025, pending the possible filing of a petition for a writ of certiorari in the Supreme Court, and, if the Acting Solicitor General files a certiorari petition, until the Supreme Court disposes of the petition.

Respectfully submitted,

TIMOTHY T. DUAX
United States Attorney

By: */s/ Adam J. Vander Stoep*

ADAM J. VANDER STOEP
Assistant United States Attorney
111 Seventh Avenue SE, Box 1
Cedar Rapids, Iowa 52401
(319) 363-6333 / (319) 363-1990 (Fax)
Adam.Vander.Stoep@usdoj.gov

# CERTIFICATE OF FILING AND SERVICE

I certify that, on March 20, 2025, I electronically filed the foregoing document with the Clerk for the Eighth Circuit Court of Appeals by using the CM/ECF system, which will send notification of such filing to the parties or attorneys of record.

                                            TIMOTHY T. DUAX
                                            United States Attorney

                                            By: */s/ RAL*

                                            Legal Assistant

---

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

I certify that the foregoing document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A). The document uses a proportional-spaced typeface, fourteen-point Century Schoolbook font. Based on a count under Microsoft Word for Windows, the document contains 999 words, excluding the parts of the document exempted by Rule 32(f).

                                            TIMOTHY T. DUAX
                                            United States Attorney

                                            By: */s/ Adam J. Vander Stoep*

                                            ADAM J. VANDER STOEP
                                            Assistant United States Attorney